IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADAMA DURU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:14-CV-3653-L-BH |
| | ) | |
| DR. ROBERT SCHREINER, et al. , | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se *in forma pauperis* case has been automatically referred for screening. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed October 10, 2014 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

On October 10, 2014, the plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5). On October 15, 2014, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave the plaintiff fourteen days to pay it. (*see* doc. 6). The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* More than fourteen days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

**II.  IN FORMA PAUPERIS**

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).

Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's IFP application reflects that she receives $1,846 a month in disability payments. Courts consistently consider disability benefit payments in making the in-forma-pauperis determination. *See Cornish v. Texas Dept. of Protective and Regulatory Services, et al.,* No. 3:04-CV-969-K, 2004 WL 1305809, at *1 (N.D. Tex. June 10, 2004), *rep. and rec. adopted,* 2004 WL 1819018 (Aug. 12, 2004); *Grant v. Shiflett,* No.3:03-CV-1959-R, 2003 WL 22466210, at *1 (N.D. Tex. Oct. 23, 2004), *rep. and rec. adopted,* (November 12, 2004); *Ponder v. Schultz,* No.3:02-CV-1353-P, 2002 WL 3114054, at *2 (N.D. Tex. Sep. 20, 2002). The plaintiff lists no dependants. At $1,846 a month, her disability payments total $22,152 annually, far above the applicable poverty level for a one-person household of $11,670. Although the plaintiff claims average monthly household expenses of $1,280 per month, she acknowledges she has just spent "$1,269 . . . last month in court fees in the Dallas District Court House." (doc. 5, at 5.) Based on the information in her application, the plaintiff has not shown that she will suffer undue financial hardship after payment of the $400.00 filing fee. Her application to proceed *in forma pauperis* should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent

power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated October 15, 2014, the plaintiff was given fourteen days to pay the filing fee. She was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. Because she failed to comply with an order that she pay the filing fee because she had sufficient assets with which to do so, her case should be dismissed.

## IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 7th day of November, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE